**JEWISH HOSPITAL, INC., Appellant,**

v.

**BAPTIST HEALTH CARE SYSTEM, INC. d/b/a Baptist Hospital East; Commonwealth of Kentucky; Cabinet for Human Resources; Interim Office of Health Planning and Certification; and Richard C. Carroll, Chief Hearing Officer, Appellees.**

NO. 93–CA–002985–MR.

Court of Appeals of Kentucky.

July 21, 1995.

*Commonwealth Alcoholic Beverage Control Board v. Burke,* Ky., 481 S.W.2d 52, 54 (1972).

Robert Thomas Carter, Louisville, for appellant.

Robert G. Stevens, Covington, for appellee Baptist Health Care System, Inc.

Chris Gorman, Atty. Gen., Frankfort, for appellee Com. of Ky.

John H. Gray, Frankfort, for appellees Cabinet for Human Resources; Interim Office of Health Planning and Certification and Richard C. Carroll, Chief Hearing Officer.

Before COMBS, EMBERTON and WILHOIT, JJ.

EMBERTON, Judge.

This is an appeal from the trial court's judgment upholding an order of the Interim Office for Health Planning and Certification. The issues before this court include whether rights established under Ky.Rev.Stat. (KRS) 216B.085(2) are abrogated by Ky.Admin.Regs. (KAR) 20:004E section 5(2); whether KAR 20:004E section 5(2) abrogates constitutional guarantees of due process; and whether the agency has carried the burden of proof as required pursuant to KRS 13A.140. We affirm the trial court on all issues.

In April 1992, in accordance with KRS 216B.062, appellee, Baptist Healthcare System, Inc., filed with the Cabinet for Human Resources, Interim Office, its application for a certificate of need ("CON") for 39 additional acute care beds and five operating rooms at the Baptist Hospital East facility in Louisville. Baptist subsequently amended the application abandoning its request for additional beds, but retaining the request for additional operating rooms. Pursuant to 902 KAR 20:004E section 5(1), the Interim Office gave public notice of Baptist's amended application for CON in Volume X, No. 5 November 19, 1992 *Health Planning & Certificate of Need Newsletter* to all "affected persons"[1]. Accordingly, as mandated by KRS 216B.085(1), any affected person is entitled to request a public hearing within 15 days of

---

1. KRS 216B.015(2) defines "Affected persons" as "the applicant; any person residing within the geographic area served or to be served by the applicant; any person who regularly uses health facilities within that geographic area; health facilities located in the health service area in which

the date of notice. Baptist, as the applicant, made timely request for a hearing. However, no other affected persons requested a hearing within the 15 day statutory timeline. A public hearing was scheduled for January 26, 1993, and notice of the hearing was mailed to all affected persons.

A prehearing was held on the application on January 7, 1993, which was attended by representatives of Baptist, the Interim Office, and the hearing officer. After the prehearing, Baptist withdrew its request for a hearing as expressly permitted by 902 KAR 20:004E section 5(2). Since Baptist was the only affected party to request a hearing, agreement of other parties was not required and notice for the cancellation was distributed in accordance with the regulation.

Appellant, Jewish Hospital, Inc., later objected to the cancellation of the hearing claiming it did not receive a copy of the November 1992, *Newsletter*. Thus, Jewish maintained it did not receive proper notice in accordance with both statutory and regulatory requirements. Jewish argued that the notice of the public hearing was first received on January 15, 1993, at which time it immediately contacted the Interim Office to request a hearing. The request was denied because it occurred outside the 15 day time limit. Although Jewish had the right, as an affected person, to participate in the January 26 hearing, the request for a hearing had been previously withdrawn by Baptist. Jewish then argued that the statute and regulations were in conflict and that the regulation permitting the cancellation of a hearing was null and void.

The Interim Office scheduled an evidentiary hearing to determine the merit of Jewish's ·claims. At the hearing, evidence was introduced on behalf of the Interim Office regarding procedures involved in the preparation and distribution of the *Newsletter*. No copies of the *Newsletter* had been returned to

the Interim Office by the U.S. Postal Service. A copy of the mailing labels used for the November distribution was introduced which reflected the accurate address of the two recipients at Jewish. A Baptist representative testified that he had received the November 1992, *Newsletter* with the Interim Office mailing label attached. Baptist also submitted affidavits from other area institutions that had received the November *Newsletter*. Evidence was presented that the Office of the Vice President for Strategic Planning of Jewish, which was to receive the *Newsletter*, had relocated within the facility. Testimony revealed there had been problems within Jewish's internal delivery system in routing mail to the office's new location. The hearing officer subsequently issued an order overruling Jewish's objection and determined that Interim Office had complied with the requisite notice procedures.

The hearing officer then evaluated Baptist's application for the addition of 5 operating rooms and concluded that Baptist met the applicable criteria and that the CON should be issued.

Jewish appealed the decisions of the hearing officer to the Franklin Circuit Court, maintaining that the administrative regulations were in conflict with the statutory scheme and that it had been denied due process rights. The circuit court found no conflict between the statutory provision and the administrative regulations and upheld the decision of the hearing officer. This appeal followed.

Jewish first argues that the statutory provisions of KRS 216B.085(2) grant a right which is abrogated by operation of 902 KAR 20:004E section 5(2). Our analysis begins with a review of the pertinent parts of KRS 216B.085, which control hearing procedures:

(1) Any time no later than fifteen (15) days after the date the review commences, *any*

---

the project is proposed to be located which provide services similar to the services of the facility under review; health facilities which, prior to receipt by the agency of the proposal being reviewed, have formally indicated an intention to

provide similar services in the future; the cabinet and third-party payors who reimburse health facilities for services in the health service area in which the project is proposed to be located."

affected person *may* request a public hearing. Hearings shall be before a quorum of the commission, or, at the request of the chairman, before a member of the commission designated by the chairman to serve as hearing officer. The hearing officer shall be authorized to administer oaths, issue subpoenas, subpoenas duces tecum, and all necessary process in the proceedings.

(2) *If a hearing is requested*, the chairman shall set a date, time and place for a public hearing. Reasonable notice of the hearing shall be given to all affected persons in accordance with administrative regulations promulgated by the commission.... (emphasis added)

902 KAR 20:004E was promulgated pursuant to KRS 216B.075 to establish administrative regulations relating to the certificate of need process. 902 KAR 20:004E section 5 outlines the requirements for the hearing process:

Certificate of Need Hearings. (1) Notice of the date, time and location of the hearing shall be mailed to all known affected persons at least ten (10) days before the date of the hearing. Notice to third party payors and members of the public shall be provided through public information channels.

(2) Hearing requests may be withdrawn by written requested [sic] filed at least three (3) working days in advance of the scheduled hearing date. In order for a public hearing to be cancelled, all persons who requested the hearing must agree in writing to cancellation.[2]

Jewish submits that this administrative regulation effectively abolishes the right to a hearing granted under KRS 216B.085. We disagree.

 KRS 216B.085(1) contains permissive language that grants any affected person the right to request a hearing within a 15 day period. Section 2 of that statute indicates that in the event a hearing is requested, reasonable notice of the hearing must be provided to all affected persons. Thus, the notice requirement becomes mandatory once an affected person has requested a hearing. Accordingly, if an affected person exercises the right to request a hearing, notice of that hearing is required. However, nothing in the statute requires a hearing in the absence of a request. We are convinced the statute clearly provides due process protection.

 Jewish suggests that the proper interpretation of this statute requires a hearing to be held on all CON applications. Certainly, this is not the procedure contemplated by the clear language of the statute. One must also consider the extreme administrative burden that would result from requiring a hearing to take place on all applications. Such is not required in the name of the protection of due process rights. We find that an affected person's due process rights are adequately protected under the present scheme. If an affected person chooses not to request a hearing it is at the peril of cancellation of the hearing by the others who have requested it. If an affected person determines that such a significant stake exists in the CON process, protection of their rights may be amply protected by requesting a hearing. By doing so, the affected person must then be consulted prior to the cancellation of the hearing and ultimately has the power to require that a hearing take place.

Jewish is correct that the statutory scheme does not address the cancellation of hearings. The administrative regulations provide a gap filling measure which permits the cancellation of a scheduled hearing. The regulation is not in conflict with the statute, nor does it abridge due process rights of an affected person who has requested a hearing. The regulation requires that the agreement of all affected persons who requested a hearing be obtained prior to the cancellation of a hear-

---

2. The 1993 version of 902 KAR 20:004E section 5(2) added the following sentence: "Agreement of other affected persons shall not be required." For purposes of this appeal, the 1992 version is applicable.

ing. Thus, if a party fails to request a hearing, then it has not exercised its right and cannot later complain that it has been denied due process.

■ We do not find that the administrative regulation diminishes any statutory right. A regulation is valid unless it exceeds statutory authority or is repugnant to the underlying statutory scheme. *Revenue Cabinet v. Joy Technologies, Inc.*, Ky.App., 838 S.W.2d 406, 409 (1992). We conclude that the intent of 902 KAR 20:004E section 5 is valid and provides a complimentary section which is consistent with the plain meaning of the hearing procedures outlined in KRS 216B.085. Thus, it is presumed to be valid. *Kentucky Airport Zoning Commission v. Kentucky Power Company*, Ky.App., 651 S.W.2d 121 (1983).

Jewish suggests that *Humana of Kentucky, Inc. v. NKC Hospitals*, Ky., 751 S.W.2d 369 (1988), requires a hearing on every CON application. Such an argument is clearly incorrect. In that case, the issue was whether Humana Hospital Audubon was required to apply for a separate certificate of need in order to provide pediatric cardiac catheterization services since it was already authorized to provide such services for adults. At the time, NKC/Children's held a CON to provide such services. NKC/Children's maintained that the pediatric services constituted a separate component from the adult services provided by Audubon; and thus, Audubon would be required to apply for additional CON approval because of the change in service. NKC/Children's requested an advisory opinion from the board regarding Audubon's rights. Significantly, there was no right to a judicial appeal from an advisory opinion.

*Humana of Kentucky, supra,* is easily distinguished from the present case. That case did not turn on the issue of notice of a CON hearing, rather it turned on the extent of the authority of the commission, pursuant to KRS 216B.040, to grant an additional certificate of need when the board has utilized an advisory opinion to determine that no action

was necessary. The language of KRS 216B.040(2)(b), *inter alia,* charges the commission with the duty to:

> conduct public hearings, *as requested,* in respect to certificate of need applications, revocations of certificates of need, and denials, suspensions, modifications, or revocations of licenses. (emphasis added).

We find KRS 216B.085 and 902 KAR 20:004E section 5 to be in harmony with this provision. We find nothing in the statutory scheme, regulations or case law to suggest that a hearing is required in every instance. Likewise, we find no authority which precludes the cancellation of a hearing once it has been scheduled.

Finally, Jewish's argument, that the agency has not carried its burden of proof pursuant to KRS 13A.140, is without merit. KRS 13A.140 states:

> (1) Administrative regulations are presumed to be valid until declared otherwise by a court, but when an administrative regulation is challenged in the courts it shall be the duty of the promulgating administrative body to show and bear the burden of proof to show:
>
> (a) That the administrative body possessed the authority to promulgate the administrative regulation;
>
> (b) That the administrative regulation is consistent with any statute authorizing or controlling its issuance;
>
> (c) That the administrative regulation is not in excess of statutory authority;
>
> (d) That the administrative regulation is not beyond the scope of legislative intent or statutory authority;
>
> (e) That the administrative regulation is not violative of any other applicable statute; and
>
> (f) That the laws and the administrative regulations relating to the promulgation of the administrative regulations were faithfully followed.

A footnote in appellant's brief suggests we should find that the Interim Office failed to

meet its burden of proof because the circuit court struck its trial brief and that we should declare the regulation void on this basis. The Interim Office's participation in the circuit court is well documented in the record. A review of the record reveals that the Interim Office has indeed met its burden of proof.

We affirm the order of the circuit court and the Interim Office.

All concur.